## Ihrig *v.* The State.

LIQUOR LAW.—*Minor.*—*Evidence.*—Where, under an indictment for the sale of intoxicating liquor to a minor, the proof does not show the sale to have been made with the knowledge or consent of the defendant, he should be acquitted.

SAME.—*Sale on Credit.*—Such a sale may be upon credit or for cash.

APPEAL from the Howard Circuit Court.

DOWNEY, J.—This was an indictment against the appellant, charging that, on, etc., at, etc., he did unlawfully barter and sell a certain intoxicating liquor at and for the sum of twenty cents, to Clarence W. Smith, who was then and there a person under the age of twenty-one years, to wit, of the age of nineteen years, contrary to the form of the statute, etc.

Upon arraignment and plea of not guilty, he was tried by

Ihrig *v.* The State.

a jury, which found him guilty, and fixed his punishment at a fine of one hundred dollars and imprisonment for thirty days in the county jail.

He moved for a new trial, because of the insufficiency of the evidence to sustain the verdict, and for other reasons. His motion was overruled, and judgment rendered on the verdict.

It is assigned as error, that the court improperly refused to grant a new trial.

There was but a single witness sworn and examined on the trial, and he was the party to whom the intoxicating liquor is alleged to have been sold.   He testified as follows:  "I am eighteen years of age; I have drank beer at John Ihrig's; don't know whether I bought it; I just went and took it and drank; don't know whether I paid for it or not; I had a cigar and tobacco account with him; don't think I ever paid for any beer; I went back and took it several times last winter, 1872; I never asked John Ihrig for it, for I knew he would not let me have it; I don't think he was present when I got it; I don't know whether the defendant ever charged me with any beer; if he did, I do not know it; I never paid the defendant for any beer; I did not get intoxicated on the beer I got; I had no arrangement or understanding about getting it or paying for it; I don't know that the defendant ever knew I got the beer; this beer was intoxicating; this was all in Howard county, Indiana." This was all the evidence given in the cause.   The indict-- ment charges a sale, and not a barter, although the word barter is used.   Beer for money on the one side, and money for beer on the other, constitute a sale, and not a barter. The evidence, in our opinion, does not sustain the allegations of the indictment.   It does not show that the liquor was taken with the knowledge or consent of the defendant. Where property has been taken and converted, under such circumstances as amount to a trespass, the owner may, generally, waive the tort and sue for the value of the property. But in a case of this kind there cannot be said to have been

a sale, when the owner of the liquor neither knew of nor consented to the sale. The payment of the price at the time of delivery is not essential to a sale, as a sale may be made upon credit, as well as for cash in hand.

The judgment is reversed, and the cause remanded, with instructions to grant a new trial.

*M. Bell* and *A. S. Bell*, for appellant.

*J. F. Elliott* and *J. C. Denny*, Attorney General, for the State.

